UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Karen L. Cole</u>

    v.                               Civil No. 13-cv-83-JD
                                       Opinion No. 2014 DNH 040
<u>Carolyn W. Colvin,</u>
<u>Acting Commissioner,</u>
<u>Social Security Administration</u>


<u>O R D E R</u>

Karen L. Cole seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the decision of the Acting Commissioner of the Social Security Administration, denying her application for disability insurance benefits and supplemental security income. In support, Cole contends that the Administrative Law Judge ("ALJ") erred in assessing her mental and physical residual functional capacity, improperly interpreted raw medical data, and relied on the vocational expert's opinions based on an incomplete hypothetical question.  The Acting Commissioner moves to affirm.


<u>Standard of Review</u>

In reviewing the final decision of the Commissioner in a social security case, the court "is limited to determining whether the ALJ deployed the proper legal standards and found facts upon the proper quantum of evidence." <u>Nguyen v. Chater</u>, 172 F.3d 31, 35 (1st Cir. 1999); <u>accord</u> <u>Seavey v. Barnhart</u>, 276 F.3d 1, 9 (1st Cir. 2001).  The court defers to the ALJ's factual

findings as long as they are supported by substantial evidence.
§ 405(g).  "Substantial evidence is more than a scintilla.  It
means such relevant evidence as a reasonable mind might accept as
adequate to support a conclusion."  <u>Astralis Condo. Ass'n v.
Sec'y Dep't of Housing & Urban Dev.</u>, 620 F.3d 62, 66 (1st Cir.
2010).

<u>Discussion</u>

A five-step process is used to evaluate an application for
social security benefits.  20 C.F.R. § 404.1520(a)(4);
§ 416.920(a).  At step five, the Acting Commissioner bears the
burden of providing evidence of specific jobs that the claimant
can do.  <u>Seavey v. Barnhart</u>, 276 F.3d 1, 5 (1st Cir. 2001).  The
Acting Commissioner may satisfy that burden by relying on the
testimony of a vocational expert as long as the opinion elicited
is based on an accurate hypothetical question.  <u>Rose v. Shalala</u>,
34 F.3d 13, 19 (1994); <u>Stanley v. Massanari</u>, 2001 WL 873064, at
*5 (D.N.H. July 31, 2001).  In addition, the ALJ must resolve any
conflicts between the vocational expert's opinions and the
Dictionary of Occupational Titles.  <u>Freeman v. Barnhart</u>, 274 F.3d
606, 609 (1st Cir. 2001); Social Security Ruling 00-4p, 2000 WL
1898704, at *2-*3.

At the hearing, after the vocational expert testified about
the exertional levels of the work Cole had done in the past, the

2

ALJ explained that he would not ask any hypothetical questions because he was waiting for additional medical records.  The ALJ then asked Cole's attorney if she had any questions.

 Cole's attorney first posed a hypothetical question with limitations for only twenty-five minutes of sitting and thirty-two minutes of standing.  The vocational expert interpreted the question to mean that the worker could only sit and stand for that total amount of time during a work day and responded that no jobs existed that the worker could do.  The ALJ then interjected that the sitting and standing limits were to allow the worker to change position during an eight hour work day, and the attorney agreed.

In response, the vocational expert identified three jobs: cashier II, DOT code 211.462-010; surveillance system monitor, DOT code 379.367-101; and auto locator, DOT code 296.367-010. She further explained that the cashier position was sedentary with an SVP 2, the monitor position was sedentary with an SVP 2, and the locator position was sedentary with an SVP 3.

The attorney then asked a hypothetical that included "deficits of ambulation and material handling."  The ALJ stated that the hypothetical had to be worded in terms of how the limitation would affect an occupation.  The attorney tried again, but the ALJ was not satisfied.  The ALJ and the attorney then discussed what limitations should be included pertaining to

3

concentration and fatigue.  The vocational expert testified that
severe fatigue and being unable to "sustain concentration that
amount of time [sic]" would eliminate the monitor position and
might eliminate the locator position but not the cashier
position.

The attorney then posed a hypothetical with the same
physical requirements, with moderate limitations in the ability
to work with supervisors and co-workers and in responding to work
situations, and with high anxiety causing hypersensitivity to
criticism and other deficits.  In response, the vocational expert
said that those limitations precluded all of the jobs.  The ALJ
asked both the vocational expert and the attorney for the
definition of "moderate", which the vocational expert defined.

The attorney asked three more hypothetical questions with
marked limitations in the worker's ability to maintain attendance
and to function effectively.  The vocational expert testified
that the marked limitations would eliminate all of the jobs.

In his decision, the ALJ found that Cole retained the
ability to do sedentary work that required only twenty-five
minutes of sitting and thirty-two minutes of standing before
changing position and that was limited to moderately complex one
to four step tasks.  The ALJ acknowledged that the limitation for
moderately complex one to four step tasks was not presented to
the vocational expert.  The ALJ reasoned, however, that the new

4

limitation did not undermine the vocational expert's opinion because the job classifications found by the vocational expert were SVP 2 and SVP 3.  The ALJ equated SVP 2 and 3 level jobs with work that was no more than moderately complex.

In the motion to affirm, the Acting Commissioner argues that the difference between the hypothetical and the residual functional capacity assessment was not material and did not require a remand.  Contrary to the Acting Commissioner's argument, the difference between the ALJ's finding and the hypothetical posed to the vocational expert is material because it adds a limitation not considered by the vocational expert. The discrepancy here is unlike the cases cited by the Acting Commissioner where minor changes in wording did not require remand.  See Greene v. Astrue, 2012 WL 1248977, at *4 (D. Mass. Apr. 12, 2012) (citing cases).

Although the ALJ addressed the new limitation in his decision, his reasoning is not convincing.  The vocational expert identified the cashier position as sedentary work, but the Dictionary of Occupational Titles classifies that job as light work.  Neither the vocational expert nor the ALJ addressed the conflict.  Because the ALJ's residual functional capacity is limited to sedentary work, that job classification is eliminated.

The ALJ stated that the new limitation for only one to four step tasks would not eliminate the jobs identified by the

vocational expert that required SVP levels of 2 or 3.  As the
Acting Commissioner explains, SVP 1-2 corresponds to unskilled
work while SVP 3-4 corresponds to semi-skilled work.  The Acting
Commissioner argues that SVP 2 work, at the unskilled level, is
not precluded by the new limitation for one to four step tasks.
With that restriction, only the surveillance monitor job remains
as a viable job category.

The SVP levels in the Dictionary of Occupational Titles
pertain to the time it takes to learn a new job but do not
necessarily describe the specific skills needed or the number of
tasks involved in the job.  See Langley v. Social Sec. Admin.
Comm'r, 2012 WL 379937, at *10 (D. Me. Feb. 3, 2012); see also
Baker v. Astrue, 2011 WL 6937505, at *5 n.6 (D.N.H. Nov. 15,
2011).  While an SVP 2 job may equate to unskilled work, it is
not clear that SVP 2 necessarily equates to a job requiring only
one to four tasks.

Further, it is not clear why the ALJ included the new
limitation.  If the limitation pertains to Cole's ability to
concentrate or maintain pace in her work, those issues might well
preclude work as a surveillance monitor, as the vocational expert
testified.

Given the error of including a new limitation in the
residual functional capacity that was not presented to the
vocational expert and the uncertainties pertaining to the jobs

identified by the vocational expert, the vocational expert's opinion does not provide substantial evidence that jobs exist in the national economy that Cole can do.  Therefore, the Acting Commissioner has not sustained her burden at Step Five.

<u>Conclusion</u>

For the foregoing reasons, the plaintiff's motion to reverse (document no. 8) is granted.  The Acting Commissioner's motion to affirm (document no. 11) is denied.  As this is a Sentence Four determination, the clerk of court shall remand the case for further administrative proceedings.

SO ORDERED.


_____
Joseph A. DiClerico, Jr.
United States District Judge

February 27, 2014

cc:  Ruth Dorothea Heintz, Esq.
     T. David Plourde, Esq.